**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JONNATHAN X.D.B.,

        Petitioner,

v.

KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; TODD M. LYONS, *Acting Director of Immigration and Customs Enforcement*; PAMELA BONDI, *Attorney General*; DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; JOEL BROTT, *Sherburne County Sheriff, Warden, ERO/ICE Detention, Sherburne County Jail, Elk River, Minnesota*;

        Respondents.

No. 26-CV-1552 (KMM/DLM)

**ORDER**

---

This matter is before the Court on the Second Petition for a Writ of Habeas Corpus filed by Petitioner Jonnathan X.D.B. (Dkt. 1.) For the following reasons, the Petition is granted.

**BACKGROUND**

Jonnathan X.D.B. is a resident of Minneapolis, Minnesota, and a citizen of Ecuador. (Dkt. 1 ¶¶ 11, 35.) He has lived in the United States since August 2024. (*Id.* ¶ 12.) He entered the United States at an "unknown location" and was detained by the government for about a month before he was released, issued a Notice to Appear, and granted "interim parole." (*Id.*) Jonnathan X.D.B. has a pending asylum application. (*Id.* ¶ 14.)

1

On January 10, 2026, Immigration and Customs Enforcement (ICE) agents arrested Jonnathan X.D.B. while he was appearing for an immigration check-in. (*Id.* ¶ 15.) There is no evidence that he was shown any warrant at the time of his arrest. (*See id.*) On or around January 30, 2026, after having been transferred to Texas and New Mexico in the interim, Jonnathan X.D.B. was transferred back to Minnesota. (*Id.* ¶¶ 17, 21.) On February 19, 2026, he filed the habeas petition that is currently before the Court.[1] (Dkt. 1.)

On February 19, 2026, the Court issued an Order to Show Cause (OSC) requiring Respondents to answer the petition by no later than 12:00 PM on February 22, 2026. (Dkt. 4 ¶ 1.) Relevant here, the OSC required Respondents to explain their "view as to whether Petitioner's arrest by immigration authorities was made pursuant to a judicial or administrative warrant." (*Id.* ¶ 2(d).) And, "[i]f based upon an administrative warrant, Respondents shall provide the following information by affidavit or declaration: (i) the date the warrant was issued; (ii) the time of day the warrant was issued; (iii) whether the warrant was issued prior to Petitioner's arrest; [and] (iv) the identity and responsibilities of the individual who issued the warrant." (*Id.*) They were also ordered to "submit a reasoned memorandum of law addressing whether the warrant, its issuance, and its execution comply with applicable statutory and regulatory requirements." (*Id.*) Respondents filed a timely response. (Dkts. 6–7 (Response and Declaration).)

---

[1] For context, Jonnathan X.D.B. filed his first habeas petition in the District of Minnesota on January 23, 2026. (Dkt. 1 at ¶ 17.) However, because he had already been moved to a detention center in New Mexico by that point, the case was transferred to the District of New Mexico. (*Id.* ¶¶ 17–18, 20.) According to Petitioner, that case was voluntarily dismissed. (*Id.* ¶ 21.) Respondents do not dispute that fact or challenge Petitioner's ability to bring the present habeas petition.

## ANALYSIS

A court may issue a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). And district courts have authority to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). That power "includes jurisdiction to hear habeas challenges to immigration-related detention." *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025). "The burden is on the petitioner to prove illegal detention by a preponderance of the evidence." *Id.*

This case is one of many filed in recent months in this district challenging the unlawful detention of aliens who are already in the United States. In their response to the petition, Respondents assert that Jonnathan X.D.B. is subject to detention under 8 U.S.C. § 1225(b)(2)(A). (Dkt. 6 at 1.) This Court has previously held that, because aliens residing within the United States are not "seeking admission" within the meaning of § 1225(b)(2)(A), that provision—which mandates detention—does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The majority of courts to have considered these issues have reached the same conclusion. Although the Fifth Circuit recently agreed with Respondents' reading of § 1225(b)(2), the Seventh Circuit has reached a different conclusion. *Compare Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *4–10 (5th Cir. Feb. 6, 2026), *with Castañon-Nava v. DHS*, 161 F.4th 1048, 1061 (7th Cir. 2025). Respondents' position is that the cases representing the majority view were wrongly decided and point out that the issue

3

is currently pending before the Eighth Circuit in *Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025).

Although the Court has considered the arguments raised by Respondents, and reviewed the authority cited in this and in other cases, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of the majority of courts to have considered the matter. Of course, these issues are complex, and Respondents' arguments are not frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Jonnathan X.D.B. or others who are similarly situated, and his mandatory detention under that provision is not supported by the law.

The Court further concludes that immediate release is the appropriate remedy. Respondents offer a warrant dated January 31, 2026, which was purportedly served on Petitioner three days later. (Dkt. 7-2.) However, they fail to explain, as the Court ordered, "whether the warrant, its issuance, and its execution comply with applicable statutory and regulatory requirements." (Dkt. 4 ¶ 2(d).) In an attempt to do so, they cite 8 C.F.R. 287.3(d), a federal regulation providing in relevant part that, in "cases of aliens arrested without [a] warrant," "a determination will be made within 48 hours of the arrest . . . whether the alien will be continued in custody or released on bond or recognizance and whether a . . . warrant of arrest as prescribed in 8 CFR parts 236 and 239 will be issued." But this provision does little to demonstrate the legality of Petitioner's rearrest on January 10. Most obviously, the warrant attached to the Response was issued a full three weeks later and not at the time of or shortly after Petitioner's rearrest, as seemingly provided by the regulation. Respondents

4

do not demonstrate or argue that Petitioner's rearrest and long-delayed warrant comply with the provisions of the regulations they cite, let alone with the provisions of 8 U.S.C. § 1226(a). And there is no suggestion that Petitioner violated the terms of his prior release as might provide a new justification for his detention.

The issuance of a valid warrant is a prerequisite to even discretionary detention under § 1226(a). *Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (citing cases). In *Ahmed M.*, the petitioner had been arrested without any such warrant having been issued and, therefore, the appropriate remedy was immediate release rather than a detention hearing. *Id.*; *see also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (D. Minn. Jan. 12, 2026) (Order (Dkt. 8)) (same). The same is true here. Respondents point to neither a valid warrant supporting the applicability of § 1226(a) to Jonnathan X.D.B., nor any other statutory basis for a bond hearing, so immediate release is required.

**ORDER**

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner Jonnathan X.D.B.'s Verified Petition for a Writ of Habeas Corpus (Dkt. 1) is **GRANTED**.

2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to immediately release Jonnathan X.D.B. **with no new conditions and no later than 5:00 p.m. on February 22, 2026**.

4. Upon Jonnathan X.D.B.'s release, Respondents must return **all of his personal effects seized during his arrest, including but not limited to immigration**

5

**paperwork**. His property must be returned in the same condition as it was in at the time he was arrested.

5. Finally, the Court **ORDERS** Respondents to file a notice within 24 hours of Petitioner's release, specifying the date, time, and location of his release.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 21, 2026

*s/Katherine M. Menendez*
Katherine M. Menendez
United States District Judge